IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **CINDY FIDENCIO NEUMEYER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| **ROCKDALE INDEPENDENT SCHOOL** | § | |
| **DISTRICT and Dr. DENISE MONZINGO;** | § | |
| jointly and severally, | § | |
| **Defendants** | § | |

**PLAINTIFF, CINDY FIDENCIO NEUMEYER'S, ORIGINAL COMPLAINT
AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** CINDY FIDENCIO NEUMEYER, hereinafter called Plaintiff, complaining of and about Rockdale Independent School District, hereinafter called Defendant, Rockdale ISD and of and about Dr. Denise Monzingo, hereinafter called Defendant, Dr. Denise Monzingo and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff CINDY FIDENCIO NEUMEYER, is a citizen of the United States and the State of Texas and resides in Milam County, Texas.

2. Defendant Rockdale ISD may be served with citation by serving Dr. Denise Monzingo, Superintendent 520 West Davilla, Rockdale, TX 76567.

**JURISDICTION**

3. The action arises under This Court has jurisdiction over Plaintiff's Family Medical Leave Act (FMLA) claim brought under federal law and this suit is authorized and instituted pursuant to 29 U.S.C. § 2617(a)(2). Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to the

1

claims set forth herein occurred within the judicial district of this Court, and because Defendant resides within the judicial district of this Court. Plaintiff was an "employee" of Defendant, and Defendant was the "employer" of Plaintiff, within the meaning of 29 U.S.C. § 2611 (2)(A) and (4)(A) of the FMLA.

4. Defendant Rockdale ISD is a school district doing business in the Western District of Texas.

5. Defendant, Denise Monzingo, is the superintendent of the Rockdale Independent School district.

6. On March 13, 2018, Plaintiff filed a complaint with the Unites States Department of Labor, Employment Standards Administration, Wage and Hour Division, hereinafter referred to as the Department of Labor.  Plaintiff's claims were based on the Defendant's violation of the Family Medical Leave Act.

7. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

8. This is an action under 29 U.S.C. Section 2601 et. seq. to correct violations of the Family Medical Leave Act.

## CONDITIONS PRECEDENT

9. All conditions precedent to jurisdiction have occurred or been complied with: Plaintiff has been employed for at least 12 months by Rockdale ISD, and has worked at least 1,250 hours for Rockdale ISD in the last 12 month period.

## FACTS

10. Rockdale ISD has about 350 employees.

11. Plaintiff is a single-mother of three and was the caregiver of her ailing mother, who suffered from End Stage Renal Disease

12. Plaintiff began her employment with Defendant, Rockdale ISD on June 22nd, 2016, as a secretary/administrative assistant to the principal of Rockdale High School.

13. Defendant, Dr. Denise Monzingo, was at that time the Superintendent of Rockdale ISD and currently holds this title.

14. Plaintiff's performance was at all times exemplary.

15. In fact Plaintiff received accolades from her peers and superiors regarding her superior performance.

16. In September 2017, Plaintiff received a 3 percent raise.

17. Despite her excellent performance, Defendant created a hostile environment, starting on or about the last week of August 2017, when auditors visited Rockdale High School and questioned the Plaintiff regarding her workplace practices and procedures.

18. Plaintiff was not aware that an audit was being performed until that day and was not prepared by her superiors to answer the auditor's questions.

19. On September 8th, 2017, the Plaintiff was contacted by her principal, Tiffany Commerford, that she and Defendant, Dr. Monzingo wanted to speak with the Plaintiff regarding the audit and that "it wasn't good".

20. On September 9th, 2017, the Plaintiff met with Ms. Commerford, who advised her that Rockdale High School received an adverse mark on their audit; they were the only campus in the school district to receive such a mark and that it was because of the answers Plaintiff the auditors. Plaintiff was advised that if there is one more incident that she would be terminated.

21. Ms. Commerford told the Plaintiff that she felt that the Plaintiff was unprepared

for this audit. Ms. Commerford explained that there an e-mail sent staff that explained which days the auditors would be at the school and "coached" the staff on what to tell the auditors.

22.     Plaintiff explained to the Ms. Commerford and Defendant Dr. Monzingo that she never received that e-mail and was not aware of the impending audit.

23.     From the time of the audit in August 2017 until she was finally terminated on February 22nd, 2018, Plaintiff was excluded from participation in certain workplace events and received harsh, negative and unreasonable scrutiny of her job performance that her similarly situated employees did not receive.

24.     On September 20th, 2017, Plaintiff received medical power of attorney of her mother Margaret Rubio and was designated as her health care agent. The Plaintiff made sure to inform her principal Ms. Commerford of this fact.

25.     On February 7th, 2018, Plaintiff requested time off because her mother had a severe kidney condition that was deteriorating. On this day she learned that her mother's condition had worsened and that she would need surgery. Plaintiff's mother was scheduled for surgery on February 14th, 2018.

26.     Plaintiff's mother was diagnosed with End Stage Renal Disease in April 2012.

27.     Plaintiff's mother was required to have 3 dialysis treatments per week until she receives a kidney transplant.

28.     On February 13, 2018, Plaintiff's mother's condition had gotten much worse. Her kidneys failed and her doctors ordered her to have lifesaving surgery a day earlier than scheduled.

29.     On February 13, 2018, Plaintiff contacted her principal, Ms. Commerford to inform her of her mother's condition.

30. Plaintiff contacted Ms. Cummorford on each of the following three days after her mother's surgery to keep Ms. Cummorford informed of her mother's condition and situation.

31. On February 13, 2018, Plaintiff contacted, Ms. Shelby Weiss in the Rockdale ISD, payroll department to inquire about getting leave under the FMLA, so that she may care for her mother.

32. Plaintiff was only able to leave voice messages with Ms. Weiss. However, the messages were forwarded to Ms. Christy Betchan, who works in Human Resources and handles Rockdale ISD's FMLA leave requests.

33. Ms. Betchan promised to send the Plaintiff FMLA documents to the Plaintiff by e-mail but also wanted a "firm date" that Plaintiff would return.

34. Plaintiff informed Ms. Betchan that she was not sure how much time that she would need, so Ms. Betcham instructed told her to put her return date as February 26th, 2018 and told Plaintiff to let them if she needed more time.

35. On February 15th, 2018, Plaintiff received her FMLA Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act) form from Genella Korenek, Employer Representative.

36. Plaintiff's FMLA Notice of Eligibility and Rights & Responsibilities acknowledges that Plaintiff informed Defendant, Rockdale ISD that she needed leave beginning on/or around 2/15/2018 and that she expected leave to continue until on or about 02/26/2018.

37. Plaintiff's FMLA Notice of Eligibility and Rights & Responsibilities acknowledges that Plaintiff informed Defendant, Rockdale ISD that she needed leave because she is needed to care for her parent due to her serious health condition.

38. Plaintiff's FMLA Notice of Eligibility and Rights & Responsibilities

acknowledges that Defendant, Rockdale ISD informed the Plaintiff that she was eligible for FMLA leave.

39. As part of Plaintiff's FMLA Notice of Eligibility and Rights & Responsibilities Defendant, Rockdale ISD that she had to produce sufficient certification to support her request for FMLA leave.

40. Defendant, Rockdale ISD that she had to produce sufficient certification to support her request for FMLA leave within 15 calendar days from the Plaintiff's receipt of her FMLA Notice of Eligibility and Rights & Responsibilities.

41. March 2nd, 2018 is the date which marks 15 calendar days from the date of the Plaintiff's receipt of her FMLA Notice of Eligibility and Rights & Responsibilities.

42. Plaintiff was required to use her available paid personal leaves during her FMLA absence.

43. Plaintiff received her paid leave and the leave was also be considered protected under FMLA leave and counted against her FMLA leave entitlement.

44. Plaintiff was required to furnish the Defendant with periodic reports of her status and intent to return to work every 2 weeks.

45. On the morning of February 22nd, 2018, Defendant Dr. Monzingo and Asst. Superintendent Pam Kaufmann arrived at the Plaintiff's house, while she was caring for her ailing mother who recently had surgery 9 days earlier.

46. Defendant Dr. Monzingo and Asst. Superintendent Pam Kaufmann informed her that her employment with the Rockdale ISD was terminated because she had not shown up for work and demanded her building keys.

47. On February 25th, 2018, Plaintiff applied for unemployment insurance benefits

with the Texas Workforce Commission (TWC).

48. On March 20th, 2018, Genella Korenek, rebutted Plaintiff's unemployment insurance benefits claim on behalf of Defendant, Rockdale ISD, stating the following: 1) Plaintiff was full time; 2) Plaintiff was terminated pursuant a letter given to the TWC for unauthorized absences from work and continued failure to comply with district policy and related directives, regarding use of leave; 3) Superintendent, Dr. Denise Monzingo was the person responsible for discharging the Plaintiff; 4) the date and reason for Plaintiff's final absence: She (Plaintiff) had not reported to work beginning February 13th, 2018.

49. Genella Korenek claimed that prior to February 13th, 2018 Plaintiff was absent or late for multiple reasons. Some were doctors appointment with short notice. She was allegedly out for almost a week in December 2017 with little or no notice.

50. Genella Korenek claimed that Plaintiff received both verbal and written warnings regarding her attendance but failed to produce any signed, written proof of those alleged prior warnings given to the Plaintiff.

51. Genella Korenek acknowledges that Plaintiff notified her employer via text message on February 13th, 14th, 15th, and 16th, 2018

52. On March 22nd, 2018, Plaintiff rebutted Genella Korenek's statement to the TWC.

53. Plaintiff was a full time employee and was "given no show".

54. Dr. Monzingo terminated her on February 22, 2018.

55. Plaintiff was never late to work but she was absent prior to February 13th, 2018 because either her son was sick, she was sick, her mother had an emergency or she had to take care of her seven year old son.

56. Defendant, Rockdale ISD never submitted any prior warnings to her regarding her

attendance.

57. Plaintiff complied with her employer's call-in policy/rule when absent.

58. Defendant, Rockdale ISD's call-in policy/rule when absent was to notify her supervisor/Principal, Tiffany Commerford.

59. Plaintiff notified her employer, via her supervisor, Principal Tiffany Commerford she was going to be absent each day on February 13th, 14th, 15th, and 16th, 2018.

## FAMILY MEDICAL LEAVE ACT

60. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 59.

61. Defendants are employers covered by the Family and Medical Leave Act pursuant to 29 USC 2601 et seq.

62. On February 15th, 2018, Plaintiff was entitled to leave under the Family and Medical Leave Act pursuant to 29 CFR 825.114.

63. Defendants engaged in prohibited conduct under the FMLA by interfering with restraining or denying Plaintiffs' rights provided under the Act.

64. Defendants' action foreclosed Plaintiff's rights under the FMLA, including but not limited to the right to be returned to her position and the right to be free from threats and harassment for exercising her rights under the law.

65. Defendant's actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

66. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff sustained loss of earnings and earning capacity; loss of fringe and pension benefits; suffered mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right

pursue gainful of her choice.

**RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

67. Plaintiff hereby incorporates by reference each of the foregoing allegations as if sated fully herein.

68. Plaintiff was an employee of Defendant, Rockdale ISD and this defendant is a covered employer as defined under the Family and Medical Leave Act, 29 U.S.C. 2601, *et. Seq.,* as amended. Plaintiff was at all times relevant to this complaint, eligible for leave under the FMLA. In fact, just prior to his termination, she applied and utilized authorized leave for which she was eligible under the Act.

69. Defendant Dr. Monzingo supervised the Plaintiff and is an agent of the Defendant, Rockdale ISD. At all times relevant to this Complaint, Defendant Dr. Monzingo acted in the interest of Rockdale ISD in unlawfully retaliating against Plaintiff for utilizing FMLA leave.

70. Defendant unlawfully retaliated against Plaintiff for utilizing FMLA leave by coming to her house and terminating her employment, as Plaintiff was caring for her ailing mother, while exercising her lawful right to utilize her FMLA leave to do so.

**INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT DR. MONZINGO**

71. Plaintiff hereby incorporates by reference each of the foregoing allegations as if sated fully herein.

72. The conduct alleged herein, including coming to Plaintiff's home, while Plaintiff was caring for her ailing mother, who was recuperating from life saving kidney surgery and terminating Plaintiff's employment, after one week notifying the Plaintiff that she was eligible for FMLA leave, lying to the Plaintiff and others regarding the grounds for terminating the

Plaintiff as: 1) "Unauthorized absences from work; 2) Continued failure to comply with district policy and related directives, re: Use of Leave.

73. Defendant Dr. Monzingo and her subordinates perpetrated a hostile work environment and Defendants are responsible for all of this acts committed against Plaintiff.

74. Defendants' conduct was in intentional, reckless and/or deliberate disregard of the high degree of probability that emotional distress would result to Plaintiff.

75. Defendant's motive in conducting this intentional and tortious conduct was to force Plaintiff to terminate Plaintiff's position and/or to cause her serious emotional distress.

## DAMAGES

76. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

   b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

   c. All reasonable and necessary costs incurred in pursuit of this suit;

   d. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

   e. Inconvenience;

   f. Interest; and

   g. Loss of benefits.

   h. Liquidated Damages

## SPECIFIC RELIEF

17. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

   a. Rehire Plaintiff;

   b. Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful actions of Defendant;

   c. A Favorable or Neutral job recommendation in the future, so that Plaintiff may obtain another job working for a school district in Texas.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, CINDY FIDENCIO NEUMEYER, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ William A. James, Jr.
William A. James, Jr.
Texas Bar No. 24076460
E-Mail: wajlawpllc@gmail.com
202 W. 6th Street
Cameron, TX 76520
Tel. (254) 697-3132
Fax. (512) 367-5832
Attorney for Plaintiff
CINDY FIDENCIO NEUMEYER

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**